In the Matter of THOMAS P. LENTINI, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 25, 1974.

*John G. Bonomi* of counsel (*Irving Gertel* with him on the brief), for petitioner.

*John J. Walsh* for respondent.

*Per Curiam.* Respondent was admitted to practice law in the Second Department on October 22, 1952. The charge of professional misconduct herein stems from the respondent's plea of guilty on January 18, 1971 in the United States District Court for the Southern District of New York to count one of an indictment charging him with conspiracy to defraud the United States Immigration and Naturalization Service — a misdemeanor under New York law. The charge related to acts committed in 1961.

By the plea the respondent admitted that he conspired to commit immigration frauds in regard to a fraudulent marriage designed to evade United States immigration laws in that the marriage was for the sole purpose of obtaining permanent resident status for an alien and it was to be terminated by divorce immediately upon the attainment of such permanent residence.

In imposing a one-year suspended probation sentence, the Federal Judge stated that this breach on respondent's part

was an unfortunate single lapse in an otherwise exemplary life; that respondent had an absolutely impeccable record, the long passage of time, since the event itself, respondent's good reputation among the immigration officials and his co-operation with them and respondent's stable family life and distinguished military record.

At the hearing before our Referee, respondent admitted the allegations of the petition, called several witnesses and submitted himself to questioning. The Referee sustained the charge and recommended that respondent be censured.

The Referee's report is in all respects confirmed. The proven charge against the respondent constitutes serious professional misconduct. In determining the punishment to be imposed, we give consideration to the fact that this appears to be the only charge ever lodged against respondent in a career of over 20 years at the Bar, and that the charge is related to an occurrence in 1961. (*Matter of Siegel,* 42 A D 2d 412.) We also consider respondent's good reputation not only in his community, but in the Immigration and Naturalization Service, where the offense was committed and the forum where he conducts the bulk of his practice. The respondent should be censured.

McGIVERN, P. J., NUNEZ, KUPFERMAN, MURPHY and LANE, JJ., concur.

Respondent censured.